**UNITED STATES of America, Appellee,**

v.

**Lloyd K. GRAHAM, Appellant.**

**No. 78–1274.**

United States Court of Appeals,
Ninth Circuit.

Sept. 11, 1978.

George W. Dixon, Tacoma, Wash., for appellant.

Peter Mair, Asst. U. S. Atty., Seattle, Wash., for appellee.

Before WRIGHT, GOODWIN and ANDERSON, Circuit Judges.

GOODWIN, Circuit Judge:

Lloyd K. Graham, a Seattle politician, was convicted of violating the Travel Act (18 U.S.C. § 1952) for receiving $5,000 in $100 bills at a Washington, D. C., hotel as prearranged in an extortion scheme. The appeal raises a number of points, none of which justifies reversal.

Graham either had, or appeared to have, enough political influence to derail a "fixed" engineering contract which had been improperly negotiated by others who are not party to this case.

■ In exchange for Graham's agreement not to cause the cancellation of the contract, the engineer's representative agreed to pay Graham $5,000 "the next time Graham came to Washington". An opportunity to visit Washington on official business soon presented itself. Graham went, performed his official business, and collected the $5,000. He now claims that since his corrupt purpose was not the only reason for his trip, he should be immune from prosecution under the Travel Act. Nothing in the legislative purpose or history suggests that Congress intended any such result. This court will not read such a limitation into the law.

■ Graham next argues that the government failed to prove that his extortion of money from the engineering contractor was "racketeering". Any transitory notion that racketeering is a necessary ingredient in the crimes denounced by the Hobbs Act (18 U.S.C. § 1951) was put to rest in United States v. Culbert, 435 U.S. 371, 98 S.Ct. 1112, 55 L.Ed.2d 349 (1978). The Supreme Court's evaluation of the racketeering argument in Culbert applies with equal force to the Travel Act. United States v. Roselli, 432 F.2d 879 (9th Cir. 1970), cert. denied, 401 U.S. 924, 91 S.Ct. 883, 27 L.Ed.2d 828 (1971).

■ Graham also contends that the government failed to prove that the travel (his trip to Washington) was intended to facilitate or carry on an unlawful activity (extortion). The question of Graham's intent was a question of fact. The government proved the telephone call by which the payoff was prearranged for the "next time" Graham went to Washington. This evidence supported an inference that when he went to Washington, he intended to collect the money which he in fact collected according to the prearrangement.

■ Graham also questions his federal prosecution in light of a state law proscribing extortion by "public officers". Since he is not a public officer (he was a party functionary), the point is elusive. But the point is not well taken even if, under some theory of comity or diversion, the federal government might choose to defer to a state for the purpose of prosecution. In this case, there is no evidence that the state was interested in prosecuting anyone. The reluctance of some states to prosecute in similar cases may well have provided some of the incentive for Congress to legislate in this area. In any event, Graham has no legitimate federal complaint. His behavior may have violated local law, but it clearly violated federal law.

The appeal also challenges the receipt in evidence of a number of background facts which the government believed necessary to establish the extortion. We have examined the entire record, and have found no error.

Affirmed.